ALEX L. ANDERSON and ALICIA C. ANDERSON, Petitioners v v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 23848-85.
United States Tax Court
T.C. Memo 1988-434; 1988 Tax Ct. Memo LEXIS 467; 56 T.C.M. (CCH) 149; T.C.M. (RIA) 88434; September 13, 1988
Alex L. Anderson, pro se. Michael Urban, for the respondent. JACOBS
MEMORANDUM FINDING OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year ended December 31, 1981 in the amount of $ 3,685. After concessions, the issues for our determination are as follows: (1) whether petitioners are entitled to an interest expense deduction, pursuant to section 163, [1] in excess of the amount conceded by respondent; (2) whether petitioners are entitled to a deduction for casualty and theft loss pursuant to section 1165; and (3) whether petitioners are entitled to an *468 employee business expense deduction, pursuant to section 162, in excess of the amount conceded by respondent. FINDINGS OF FACT At the time of filing the petition herein, petitioners, husband and wife, resided in San Antonio, Texas. Petitioners filed a joint return for 1981 on which they claimed various deductions, including interest expense in the amount of $ 6,228, a casualty and theft loss in the amount of $ 749, and employee business expenses in the amount of $ 3,551. In his notice of deficiency, respondent disallowed these deductions. At the audit level, pre-trial level and at trial, petitioners continually refused to produce any documentation to substantiate the disallowed deductions. To afford petitioners every opportunity to produce documentation to substantiate their claimed deductions, the record was held open for 30 days after trial. During such time, petitioners provided various documents to respondent's counsel and the Court, including a letter from IBEW LU#60 Federal *469 Credit Union stating that petitioners paid interest during 1981 in the amount of $ 943.52. Respondent conceded an interest deduction in such amount, as well as an employee business expense deduction in the amount of $ 1,540. OPINION Deductions are a matter of legislative grace, and taxpayers are required to maintain and present for examination books and records to support their claims. . Except for those amounts conceded by respondent, petitioners presented no evidence, either through testimony or documentation, with respect to their entitlement to deductions for interest expense, employee business expenses and casualty and theft loss. They have, therefore, failed to meet their burden of proof. See ; Rule 142(a). To reflect the foregoing and concessions by respondent, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩